### HEITMAN v. HARRIMAN et al.

District Court, S. D. New York.

Jan. 15, 1936.

Blake, Stim & Curran, of New York City (Menahem Stim, of New York City, of counsel), for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, of New York City (David Asch, William J. Butler, and Hobart L. Brinsmade, all of New York City, of counsel), for defendants Henry E. Cooper as conservator of Harriman Nat. Bank & Trust Co. of City of New York, and Harriman Nat. Bank & Trust Co. of City of New York.

MOSCOWITZ, District Judge.

This is an action to recover damages. A jury trial was waived. The plaintiff claims that he was induced by certain false representations made by one Colonel C. S. Haight, an agent and representative of the defendant, to purchase one share of stock of the defendant and to pay therefor.

Plaintiff testified that he bought a share of stock of the bank and attempted to prove certain alleged misrepresentations made by Colonel Haight. The objection to the testimony was sustained.

It appears that the proceeds of the check made by the plaintiff were credited to the account of the Harriman Securities Corporation, the securities affiliate of the bank. The bank never received the money. It al-so appears that the Securities Corporation had separate assets from those of the bank and had substantial net assets above its liabilities.

The act of the Harriman National Bank in selling stock, whether as principal or as agent, is contrary to law. The plaintiff, therefore, has no cause of action against the receiver of the bank. Jaskow v. Harriman National Bank, 287 N.Y.S. 143, decided by Mr. Justice Dore, Supreme Court, New York County.

I am inclined to agree with the decision of Mr. Justice Dore of the Supreme Court of the State of New York, in the case of Jaskow v. Harriman National Bank, supra, which I am informed was followed by Judge Coxe in the case of Oppenheimer v. Harriman National Bank, No. L54–406, decided October 8, 1935.[1]

Judgment in favor of the defendant. Settle findings and decree on notice.

---

[1] No opinion for publication.